UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Adrian Enriquez-Varela,

Petitioner

v.

Todd Blanche, et al.,

Respondents

Case No. 2:26-cv-01815-CDS-BNW

**Order Granting Petitioner's Motion for Limited Discovery and Extension of Time**

[ECF No. 10]

Petitioner Adrian Enriquez-Varela filed a motion requesting limited discovery and an extension of time to file an amended petition for writ of habeas corpus.[1] Mot., ECF No. 10. Enriquez-Varela's counsel argues that more time is needed because they cannot prepare an amended petition without: (1) I-200: Warrant for Arrest; (2) I-213: Record of Deportable or Inadmissible Alien; (3) I-286: Initial Custody Determination by ICE; (4) I-862: Notice to Appear; (5) all bond hearing transcripts/recordings: necessary to determine whether bond jurisdiction existed, whether the correct statutory framework was applied, and whether due process was afforded; and (6) documentation regarding any appeal of the order of removal: critical to determining which detention statute governs and whether detention remains authorized. *Id.* at 4.

I do not need a response from the respondents. Because the petitioner is presently detained, he lacks the ability to adequately develop his claims in the absence of records that are in the respondents' custody and control. For that reason, Enriquez-Varela's motion for limited discovery and an extension of time **[ECF No. 10] is granted**.

The respondents must provide (1) I-200: Warrant for Arrest; (2) I-213: Record of Deportable or Inadmissible Alien; (3) I-286: Initial Custody Determination by ICE; (4) I-862: Notice to Appear; (5) all bond hearing transcripts/recordings: necessary to determine whether bond jurisdiction existed, whether the correct statutory framework was applied, and whether due

[1] Counsel is reminded that Local Rule IC 2-2(b) requires that for "each type of relief requested or a purpose of the document, a separate document must be filed and a separate event must be selected for that document."

process was afforded; and (6) documentation regarding any appeal of the order of removal: critical to determining which detention statute governs and whether detention remains authorized **by July 23, 2026**.[2] Alternatively, by that same date, the respondents must CERTIFY that, after a diligent search, they have determined that the records are not in their possession, custody, or control.

Dated: July 21, 2026

Cristina D. Silva
United States District Judge

[2] Although the petitioner's motion seeks these documents by June 23, 2026, I construe it to mean July 23, 2026.