UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Adrian Enriquez-Varela,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents | Case No. 2:26-cv-01815-CDS-BNW<br>**Order Denying Petitioner's Motion to Enforce**<br>[ECF No. 26] |

Pending before the court is Enriquez-Varela's emergency motion to enforce the court's order directing the respondents to not transfer the petitioner out of this District except to effectuate his lawful deportation. Emerg. mot., ECF No. 26. For the reasons stated herein, that motion is denied.

**Background**

On June 15, 2026, Enriquez-Varela filed a petition for writ of habeas corpus challenging his detention in the Nevada Southern Detention Center. Pet., ECF No. 1-1. On June 23rd, the court issued a service order directing the respondents to "not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation, until further order of the Court." Order, ECF No. 7 at 3 (citation omitted). On August 5th, an immigration judge granted Enriquez-Varela relief in the form of post-conclusion voluntary departure, under safeguards, pursuant to 8 U.S.C. § 1229c(b). ECF No. 21-1. In that order, the immigration judge ordered that Enriquez-Varela's failure to post bond within five days or to depart by September 21, 2026, would "result in an alternate order of removal to Mexico taking effect immediately." *Id.* at 6.

On September 9th, the respondents filed a motion for leave to transfer the petitioner out of this District because he failed to appeal his removal order by the September 4, 2026 deadline. Mot. leave, ECF No. 21. Petitioner's counsel filed an opposition, explaining that they had not spoken with Enriquez-Varela recently and arguing that an appeal to the Board of Immigration Appeals may have been sent but not docketed. Opp'n, ECF No. 22 at 1–2. The court ultimately denied as moot the motion for leave to transfer. Order, ECF No. 24.

On September 18th, petitioner's counsel filed an emergency motion to enforce the court's June 23rd order. ECF No. 26. The emergency motion alleges that the respondents had transferred Enriquez-Varela to the detention center in Florence, Arizona, on September 15, 2026. *Id.* at 2. It further alleges that the transfer is unlawful because it was made after Enriquez-Varela filed an appeal to the BIA on September 8, 2026. *Id.* at 2–3; ECF No. 26-1.

**Discussion**

I deny the petitioner's emergency motion to enforce because the transfer to Arizona was done to effectuate his lawful removal. An immigration judge granted Enriquez-Varela's request for voluntary departure on August 5, 2026. *See* ECF No. 21-1. In that order, the immigration judge ordered that Enriquez-Varela's failure to post bond with DHS within five days or to depart by September 21, 2026, would "result in an alternate order of removal to Mexico taking effect immediately." ECF No. 21-1 at 6. The time to appeal that order expired before Enriquez-Varela's September 8, 2026 appeal, making it untimely. *See* 8 C.F.R. § 1003.38(b). Thus, Enriquez-Varela's order of removal to Mexico will become final on September 22, 2026. *See Diouf v. Mukasey*, 542 F.3d 1222, 1229 (9th Cir. 2008) ("Because the IJ issued an alternate order of removal in connection with the grant of voluntary departure, and [the petitioner] did not timely appeal to the BIA, [the petitioner's] order of removal became administratively final 'upon overstay of the voluntary departure period.'" (quoting 8 C.F.R. § 1241.1(f)). In turn, Enriquez-Varela's can be lawfully removed to Mexico on or after September 22, 2026. While the court recognizes that

Enriquez-Varela's transfer likely makes it difficult for his counsel to communicate with him, it was done to effectuate his removal, so it does not violate this court's June 23rd order.

**Conclusion**

It is therefore ordered that the petitioner's motion to enforce **[ECF No. 26] is DENIED**.

Dated: September 18, 2026

______________________________
Cristina D. Silva
United States District Judge